IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRIS LIVINGS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 1:23-cv-244 -WS-M |
| TRANSPORTATION AUCTION ) | |
| CONSULTANTS, LLC d/b/a ) | |
| TAC AUCTION SERVICES, ) | |
| ) | |
|    Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant **Transportation Auction Consultants, LLC d/b/a TAC Auction Services** ("TAC" or "Defendant"), in the above-captioned matter, hereby responds to the allegations contained in Plaintiff's Complaint, as follows:

### COUNT I

### BREACH OF CONTRACT

1. Paragraph 1 does not require a response from Defendant.

2. Admitted.

3. Defendant admits that Plaintiff was hired on November 30, 2021 and was paid a salary plus commission. Otherwise, denied.

4. Denied.

{B4618902}

5. Defendant admits that Plaintiff's employment was terminated on May 9, 2023. Otherwise, denied.

6. Denied.

7. Denied.

Defendant denies Plaintiff is entitled to a judgment for breach of contract against the Defendant in the amount of $14,631.62 and denies Plaintiff is entitled to any consequential damages, interest and court costs.

## COUNT II

## FAIR LABOR STANDARDS ACT

Defendants adopt and reallege paragraphs one (1) through seven (7) of Count One as if fully set out herein.

8. Denied.

9. Defendant denies that Baldwin County Circuit Court, where this case was originally filed, had jurisdiction of this matter. Defendant removed this lawsuit to the U.S. District Court for the Southern District of Alabama, Southern Division, which has proper jurisdiction over this matter and these parties.

10. Denied.

11. Defendant admits that this lawsuit was brought under Section 207 of the Fair Labor Standards Act but denies the allegations of this paragraph.

12. Denied.

Defendant denies Plaintiff is entitled to a judgment against the Defendant and denies that Plaintiff is entitled to any compensatory damages, liquidated damages, attorneys fees and any other consequential damages, interest or court costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Any allegations of Plaintiff's Complaint not explicitly admitted in this Answer are denied, and strict proof is demanded to support Plaintiff's allegations.

### Third Affirmative Defense

Plaintiff's claims are barred to the extent he has failed to mitigate any damages he may have suffered.

### Fourth Affirmative Defense

Plaintiff's claim for compensatory damages is barred to the extent he is unable to establish harm caused by this Defendant's alleged actions.

### Fifth Affirmative Defense

To the extent Defendant has filed for bankruptcy and failed to disclose his claims to the Bankruptcy Court, his claims are barred by estoppel and lack of standing.

## Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

## Seventh Affirmative Defense

Plaintiff's claims are barred because Defendant relied upon legitimate factors in making decisions regarding Plaintiff's employment.

## Eighth Affirmative Defense

Any damages that Plaintiff has allegedly suffered were caused in whole or in part by his own conduct.

## Ninth Affirmative Defense

Plaintiff bears the burden in the case of proof beyond a reasonable doubt before any award of punitive damages can be made.

## Tenth Affirmative Defense

The Defendant specifically denies that Plaintiff is entitled to any lost wages, expenses, costs, attorney's fees, interest, or any other relief requested, and under the facts and circumstances of this case.

## Eleventh Affirmative Defense

This Defendant denies any liability under the theories of respondeat superior, vicariously liability, agency, or otherwise.

## Twelfth Affirmative Defense

All decisions, if any, attributable to this Defendant or its authorized agents which Plaintiff challenges in this action were made in good faith.

## Thirteenth Affirmative Defense

Plaintiff failed to exercise reasonable care and diligence to avoid harm or less that could have been reasonably been prevent by such reasonable efforts.

## Fourteenth Affirmative Defense

As to each and every material allegation contained in Plaintiff's Complaint, the Defendant pleads not guilty and demands strict proof thereof.

## Fifteenth Affirmative Defense

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

Respectfully Submitted,

*/s/ Arnold W. Umbach III*
Arnold W. Umbach III (ASB-1932-M66A)
Averie L. Armstead (ASB-3698-D00R)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209
T: (205) 868-6000 | F: (205) 868-6099
tumbach@starneslaw.com
aarmstead@starneslaw.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 29, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF online filing system, which will send notification to all counsel of record:

Richard L. Watters
Post Office Box 87
Mobile, AL 36601
richard@rwatterslaw.com

                                            */s/ Arnold W. Umbach III*
                                            OF COUNSEL